**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PHILIP J. FAIRMAN and NANCY L. FAIRMAN,

    Plaintiffs,

v.                                                                                   CASE NO.

AMERICAN STRATEGIC INSURANCE CORP.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, PHILIP J. FAIRMAN and NANCY L. FAIRMAN (the "Fairmans") by and through the undersigned counsel and files this Complaint against Defendant, AMERICAN STRATEGIC INSURANCE CORP. ("ASI"), alleging as follows:

### INTRODUCTION

1. This is a flood insurance coverage action brought to recover for ASI's breach of a flood insurance policy ASI sold to the Fairmans. The Fairmans' home sustained significant damage as a result of Hurricane Ian. ASI failed to timely and adequately adjust the Fairmans' loss, and refused to honor the Fairmans' appraisal right as guaranteed by the policy ASI sold and collected premiums for.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

2. Jurisdiction and venue of this matter are proper in the Fort Myers Division of the United States District Court for the Middle District of Florida:

   a. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

   b. Original jurisdiction is conferred upon this Court by 42 U.S.C. § 4072 and 44 C.F.R. § 62.22.

   c. Per 44 C.F.R. § 62.22, venue is proper because the insured property underlying this lawsuit is situated in Lee County.

3. All conditions precedent to the filing of this lawsuit have been complied with, performed, occurred, or have been waived.

## PARTIES

4. The Fairmans are a married couple domiciled in the State of Florida. At all times material hereto, the Fairmans owned, and resided in, their home located at 1227 Donna Drive, Fort Myers, Florida 34102 (the "Property").

5. ASI is a Florida Profit Corporation qualified to sell insurance in the State of Florida and has, at all times material hereto, been conducting business in Lee County, Florida.

## GENERAL ALLEGATIONS

6. Prior to September 28, 2022, the Fairmans sought and purchased flood insurance from ASI to cover the Property.

7. As consideration for the premium paid to ASI by the Fairmans, ASI issued a policy of insurance bearing Policy No. 0FLD236085 (the "Policy") to provide insurance coverage including coverage afforded to protect the Property against flood damage. The Policy bears effective dates from February 15, 2022 to February 15, 2023. A true and correct copy of the Policy is attached hereto as **"Exhibit A."**

8. The Policy contains a unilateral appraisal provision which affords either party the right to demand appraisal in the event the insured and the insurer disagree with respect to the value of a loss.

9. The Policy was issued by ASI to the Fairmans in Lee County, Florida.

10. The Policy was in full force and effect as of September 28, 2022.

11. In the event the Fairmans prevail in this action, the Fairmans will be entitled to an award of attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428, 626.9373, and/or 57.041 (2021).

### Count I
### Breach of Contract

12. The Fairmans reallege and adopt ¶¶ 1 through 25 as if fully set forth herein.

13. On or about September 28, 2022, Hurricane Ian struck Southwest Florida with devastating effect. Ian caused billions of dollars' worth of damage to property, and irreparably changed the lives of countless Floridians.

14. The Fairmans were among those who had their homes damaged by Ian's wrath. More specifically, as relevant here, flood waters caused significant damage to the Property (the "Loss").

15. The flooding caused by Ian was a covered peril under the Policy.

16. The Fairmans promptly and timely notified ASI of the Loss and made a claim pursuant to the Policy.

17. The Fairmans' have otherwise performed all conditions precedent to recover under the Policy and under the applicable Florida Statutes and federal regulations.

18. ASI assigned Claim No. 17838-221001 to the Fairmans' Loss (the "Claim").

19. At all times, the Fairmans' have made themselves and the Property available to ASI to facilitate their evaluation and adjustment of the Claim. The Fairmans' also made the Property available to ASI and its representative/agent for inspection and investigation of the Claim and Loss.

20. ASI admitted liability for the Loss.

21. With regard to the damages for personal property, the parties agree upon the valuation reached by ASI's adjuster. Accordingly, there is no dispute with regard to the amount owed by ASI pursuant to the Policy's "Contents Coverage" provisions. ASI owes forty-thousand and 00/100 dollars ($40,000.00) with respect to these provisions—the Policy's limit with respect to this category of loss. *See* Ex. A.

22. However, as to the real property damage (the Policy's "Building Coverage" provisions), ASI grossly undervalued the damages to the Property.

23. At their own expense, the Fairmans conducted their own investigation as to the value of the damages, finding ASI's valuation to be far below the actual cost of restoring the Property to its pre-Ian state.

24. The Fairmans submitted their estimates to ASI, along with a proof of loss, and demanded that ASI participate in appraisal as required under the Policy. ASI continues to refuse to pay the amounts due under the Policy and refuses to honor the Fairmans' appraisal rights.

25. As a result of the Loss to the Property and pursuant to the terms and conditions of the Policy, ASI had an obligation to pay the Fairmans all the benefits to which the Fairmans are entitled under the Policy for the Loss/Claim.

26. ASI has materially breached the Policy by failing and refusing to pay the full amount of benefits owed to the Fairmans under the Policy resulting from the Loss/Claim.

27. ASI has also materially breached the Policy by failing and refusing to honor the Fairmans' appraisal rights as afforded them by the Policy.

28. As a direct result of ASI's breach of the Policy, the Fairmans have sustained damages at or exceeding the replacement cost value or actual cash value of the damaged property, as applicable—the exact amount to be determined by appraisal and/or at trial.

29. The Fairmans have been damaged as a result of ASI's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorneys' fees.

30. The Fairmans are entitled to recover litigation costs from ASI under FED. R. CIV. P. 54.

31. The Fairmans have been and remain fully prepared to comply with all obligations pursuant to the Policy.

### Demand for Jury Trial

The Fairmans demand a jury trial on all issues so triable.

### Prayer for Relief

**WHEREFORE,** the Fairmans hereby demand judgment for damages, costs, prejudgment interest, and attorney's fees pursuant to Fla. Stat. §§ 627.428, 626.9373, and/or 57.041 (2021) against ASI, and any and all other relief this Honorable Court deems just and proper.

Respectfully submitted on this the 26th day of September, 2023,

**BOYLE, LEONARD & ANDERSON, P.A.**

By: _____
Thomas E. Shepard, Esq.
Florida Bar No.: 1037180
Alexander Brockmeyer, Esq. – Lead Counsel
Florida Bar No.: 105758
9111 W. College Pointe Drive
Fort Myers, Florida 33919
Telephone: (239) 337-1303
Facsimile: (239) 337-7674
Primary E-Mail: Eservice@insurance-counsel.com
Secondary E-Mail: TShepard@insurance-counsel.com
Secondary E-Mail: ABrockmeyer@insurance-counsel.com
*Attorneys for Plaintiffs, Philip J. Fairman and Nancy L. Fairman*