UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILIP J. FAIRMAN and NANCY
L. FAIRMAN,

     Plaintiffs,

v.                      Case No.:  2:23-cv-788-SPC-KCD

AMERICAN STRATEGIC
INSURANCE CORP.,

     Defendant.

                             /

## ORDER

     Before the Court is Plaintiffs Philip and Nancy Fairman's Motion to Strike Defendant's Rule 26 Expert Disclosure as Untimely. (Doc. 34).[1] Defendant American Strategic Insurance Corp. ("ASI") has responded in opposition. (Doc. 36.) For the reasons stated below, the motion is **GRANTED**.

     The Fairmans' home flooded during Hurricane Ian. (Doc. 1 ¶¶ 4, 14.) After the storm, they filed a claim for storm-related damage with their insurer, ASI. (*Id.* ¶¶ 6, 16.) According to the Fairmans, ASI admitted coverage but disputes the amount of damage. (*See id.* ¶ 22). Unable to resolve the matter, the Fairmans filed suit.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

To guide the parties through discovery, the Court held a status conference and entered a scheduling order. (*See* Doc. 27, Doc. 28.) The parties were directed to exchange their Rule 26 expert disclosures before August 30, 2024. (Doc. 27 at 2.) But ASI failed to disclose its expert (Brian Lindsey, P.E.) or provide the Fairmans a copy of his report until September 26, 2024. (Doc. 34 ¶ 11, Doc. 36 at 2.) According to ASI, the delay resulted from an "oversight." (Doc. 36 at 2.)

The Fairmans now move to strike ASI's belated Rule 26 expert disclosure. (Doc. 34.) They also ask the Court to bar ASI from using the expert's "[r]eport or testimony in support of or opposition to dispositive motions, and barring [] [him] from testifying at the ultimate trial on this matter." (*Id*. at 10.)

Federal Rule of Civil Procedure 26 governs expert witness discovery. Fed. R. Civ. P. 26(a). It is designed to prevent litigation by surprise and ensure each party can "prepare their cases adequately." *Reese v. Herbert*, 527 F.3d 1253, 1265-66 (11th Cir. 2008). To further this objective, the rule "requires parties to timely disclose all bases of their expert opinions." *Cape Christian Fellowship, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-CV-410-JLB-NPM, 2022 WL 971776, at *8 (M.D. Fla. Mar. 31, 2022); Fed. R. Civ. P. 26 (2)(d) ("A party must make these disclosures at the times and in the sequence that the court orders.").

"[C]ompliance with the requirements of Rule 26 is not merely aspirational." *Long v. E. Coast Waffles, Inc.*, 762 F. App'x 869, 870 (11th Cir. 2019). When a party does not timely provide the information required by Rule 26, as here, Rule 37(c) empowers the court to strike an expert unless the violation was substantially justified or harmless. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). While exclusion can be a drastic remedy, "[t]he law is well-settled that district courts have broad discretion to exclude expert-witness testimony that is untimely or fails to satisfy the procedural requirements of Rule 26(a)(2)." *Carmody v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-830-ORL-37, 2015 WL 2169226, at *2 (M.D. Fla. May 8, 2015); *see also Rodriguez v. Walmart Stores E., L.P.*, No. 21-14300, 2022 WL 16757097, at *2 (11th Cir. Nov. 8, 2022).

As the party who violated Rule 26, ASI must show that its noncompliance was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Substantial justification is present when "a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 611CV2005ORL18GJK, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013). Harmlessness, on the other hand, is determined by considering five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the

3

surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, No. 2:22-CV-86-SPC-NPM, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023).

ASI does not contend that its conduct was substantially justified. (*See* Doc. 36.) Nor does it address the factors used to decide if a Rule 26(a)(2) violation is harmless (*Id.*) Instead, ASI begs the Court's forgiveness because it did not intentionally defy the deadline or prejudice the Fairmans. (*Id.* at 2, 3.) Rather, it asserts, the delay was an "oversight." (*Id.* at 2.) But those arguments fall flat. Good intentions and a lack of prejudice are not the standard. *See, e.g.*, *Baker v. Fiat Chrysler Automobiles US LLC*, No. 1:22-CV-980-CLM, 2024 WL 85864, at *4 (N.D. Ala. Jan. 8, 2024) (failure to disclose an expert "due to clerical error, oversight and/or excusable neglect does not provide substantial justification"). Having failed to meet its burden, ASI may not call on Brian Lindsey, P.E., or use the information contained in his report as evidence on a motion, at a hearing, or at a trial.

It is thus **ORDERED**:

1. Plaintiffs Philip and Nancy Fairman's Motion to Strike Defendant American Strategic Insurance Corp.'s Rule 26 Expert Disclosure as Untimely (Doc. 34) is **GRANTED**;

4

2.      Brian Lindsey, P.E.'s report and expert testimony are stricken and excluded from any further consideration.

**ENTERED** in Fort Myers, Florida this November 13, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record